# IN THE UNITED STATES DISTRICT COURT
# FOR THE NORTHERN DISTRICT OF ILLINOIS
# WESTERN DIVISION

| | |
|---|---|
| Sherry P., | ) |
|     *Plaintiff,* | ) |
| | ) Case No. 17 CV 50372 |
| v. | ) |
| | ) Magistrate Judge Iain D. Johnston |
| Nancy A. Berryhill, Acting | ) |
| Commissioner of Social Security, | ) |
| | ) |
|     *Defendant.* | ) |

## MEMORANDUM OPINION AND ORDER

"Not a doctor. Shh."

    - *Brooklyn Nine-Nine*

The above quote should be the mantra of every administrative law judge of the Social Security Administration. Time and again, administrative law judges are reversed because they take it upon themselves to play doctor. This case can be added to the pile.

In this case, there is no evidence – medical or otherwise – to support the administrative law judge's determinative finding in this case. Indeed, the only evidence in the record is contrary to the administrative law judge's "medical opinion." So, the Government's attempt to defend the decision by arguing that the "record as a whole" supports the administrative law judge's determinative finding is meritless.

\* \* \*

Plaintiff Sherry P. brings this action under 42 U.S.C. § 405(g), seeking a remand of the decision denying her social security disability benefits. For the reasons set forth below, the decision is remanded.

## I. BACKGROUND[1]

On September 9, 2015, Plaintiff filed an application for disability insurance benefits. R. 27, 190. Plaintiff alleged a disability beginning on August 5, 2014, because of a blood clot in her left leg, veinous reflux disease, pain in both legs, depression and anxiety. R. 190, 288. Plaintiff stopped working her full-time job on her alleged onset date due to her impairments. R. 191, 288.

On November 1, 2016, Plaintiff, represented by an attorney, testified at a hearing before an Administrative Law Judge ("ALJ"). R. 44-95. Plaintiff was then 48 years old. Plaintiff's testimony focused on the vein issues in her left leg, which caused pain and swelling. Plaintiff testified that the pain in her leg originated from a blood clot over 20 years ago. R. 50. Over the years, her leg pain had gotten worse, and she underwent several surgeries on her veins. R. 50. Plaintiff testified that in addition to constant pain, her leg also swelled. R. 51. Plaintiff testified that some days her leg would become so swollen that she needed to "elevate it all the time." R. 51. Even while sitting, Plaintiff's leg would swell. R. 54, 85-86.

Plaintiff testified that she needed to elevate her leg every hour for at least 30 minutes. R. 52, 54-55. To relieve the swelling, Plaintiff would elevate her leg "up in front of" her. R. 54. Plaintiff also explained that when her leg swelled while she was

---

[1] The following facts are only an overview of the medical evidence provided in the administrative record.

working, she would lay on a bench next to a wall and elevate her leg on the wall. R. 52. Plaintiff also elevated her leg at night to help with swelling. R. 57. Generally, Plaintiff spent most of her day sitting on her bed with her leg up. R. 61.

The ALJ also heard testimony from Susan Entenberg, a vocational expert ("VE"). In relation to leg elevation, the VE testified that "if you're just going to put it up on a little stool that would be fine. If you have to have it elevated parallel -- you know, to floor, at waist height, no. They wouldn't be able to do the [sedentary] work." R. 91. The ALJ confirmed that Plaintiff would still be able to perform the sedentary jobs identified if she elevated her leg below desk height on an as needed basis. R. 91-92. However, if Plaintiff needed to lay on her back and elevate her leg up against a wall, there would be no work for her. R. 92.

The ALJ did not call an impartial medical expert. The ALJ ultimately denied Plaintiff's request for benefits. R. 27-37. The ALJ found that Plaintiff had the following severe impairments: left knee degenerative joint disease, left leg chronic venous insufficiency,[2] obesity, depression and anxiety. R. 29. The ALJ determined that Plaintiff's impairments did not meet or medically equal a listed impairment. R. 30. The ALJ concluded that Plaintiff had the residual functional capacity ("RFC") to perform sedentary work with certain restrictions, including the need to elevate her leg below waist level under a desk. R. 31.

---

[2] Venous insufficiency is "inadequate drainage of venous blood from a part, resulting in edema or dermatosis." STEDMAN'S MEDICAL DICTIONARY 984 (28th ed. 2006).

## II. STANDARD OF REVIEW

A reviewing court may enter judgment "affirming, modifying, or reversing the decision of the [Commissioner], with or without remanding the cause for a rehearing." 42 U.S.C. § 405(g). If supported by substantial evidence, the Commissioner's factual findings are conclusive. *Id.* Substantial evidence exists if there is enough evidence that would allow a reasonable mind to determine that the decision's conclusion is supportable. *Richardson v. Perales*, 402 U.S. 389, 399-401 (1971). Accordingly, the reviewing court cannot displace the decision by reconsidering facts or evidence, or by making independent credibility determinations. *Elder v. Astrue*, 529 F.3d 408, 413 (7th Cir. 2008).

However, the Seventh Circuit has emphasized that review is not merely a rubber stamp. *Scott v. Barnhart*, 297 F.3d 589, 593 (7th Cir. 2002) (a "mere scintilla" is not substantial evidence). A reviewing court must conduct a critical review of the evidence before affirming the Commissioner's decision. *Eichstadt v. Astrue*, 534 F.3d 663, 665 (7th Cir. 2008). Even when adequate record evidence exists to support the Commissioner's decision, the decision will not be affirmed if the Commissioner does not build an accurate and logical bridge from the evidence to the conclusion. *Berger v. Astrue*, 516 F.3d 539, 544 (7th Cir. 2008). Moreover, federal courts cannot build a logical bridge on behalf of the ALJ. *See Mason v. Colvin*, No. 13 C 2993, 2014 U.S. Dist. LEXIS 152938, at *19-20 (N.D. Ill. Oct. 29, 2014).

### III. DISCUSSION

Plaintiff argues that substantial evidence does not support the ALJ's determination that Plaintiff needed to elevate her left leg only below waist level. Plaintiff further argues that the ALJ's mental RFC findings were not supported and failed to account for her moderate limitations in concentration, persistence and pace.

As it relates to Plaintiff's leg impairments, the ALJ determined that Plaintiff could perform sedentary work with certain restrictions, including the need to elevate her leg below waist level under her desk. R. 31. Overall, the ALJ did not find Plaintiff's alleged symptoms "entirely consistent with the medical evidence and other evidence in the record." R. 33. However, the ALJ credited Plaintiff's testimony that her chronic leg pain would largely be resolved if she were permitted to sit while working. R. 34. The ALJ also partially credited Plaintiff's testimony that she needed to elevate her leg while seated by giving "the benefit of the doubt and includ[ing] a restriction for the ability to elevate leg below waist level under desk." R. 34. However, the ALJ's decision leaves the Court uncertain as to the basis for the height of elevation.

In his RFC analysis, the ALJ acknowledged medical records from 2013 through 2016 revealing pain and swelling in Plaintiff's left leg. R. 459, 461, 468-69, 491, 507-08, 511, 521, 525, 557. In 2015, Plaintiff's primary care physician reported that Plaintiff was elevating her leg as much as possible to help reduce swelling, but that elevation and medication were only somewhat helpful. R. 489, 491. Plaintiff

was instructed to "continue to elevate her legs when able." R. 495. In October 2016, Plaintiff's primary care physician submitted a letter stating that Plaintiff was "unable to do any sort of work or employment. She has chronic pain in her legs and unable to tolerate prolonged standing or walking. She has to elevate her legs frequently and of the degree this would cause frequent absences from work. She also must be able to change positions as needed without warning." R. 557. The ALJ afforded these opinions little weight, specifically noting that the restriction for leg elevation did not address frequency or degree. R. 35.

Plaintiff's mental health therapist also submitted a letter in July 2015, stating that Plaintiff's physical disability was incapacitating and specifically that Plaintiff's left leg was swollen and "she require[d] it to be elevated." R. 459. The ALJ did not assign any specific weight to this opinion, other than noting that the therapist was not an acceptable medical source and that her statements remained consistent with the RFC findings. R. 35.

Despite rejecting the medical evidence in the record requiring leg elevation, the ALJ ultimately included Plaintiff's need to elevate her leg in the RFC. However, the medical records and opinions failed to specify the height of elevation necessary. The ALJ acknowledged this but nevertheless found "[a]s a whole, reasonably, the claimant needs to [be] able to elevate her leg below waist level under a desk." R. 35. The ALJ did not cite any evidence to support his "below waist level" elevation finding or explain how it would allow Plaintiff to perform sedentary work. The only reference in the record to elevating below waist level was from the

VE, who testified that Plaintiff could only perform the sedentary jobs identified if she elevated her leg below waist level. This is not substantial evidence. *See Hamilton v. Colvin*, 525 F. App'x 433, 439 (7th Cir. 2013) (remanding where the ALJ's finding that the plaintiff could sit for 45 minutes was not supported by the medical or non-medical evidence and was only referenced by the VE as a requirement for employment).

The Commissioner argues that the ALJ reasonably concluded Plaintiff needed to elevate her leg below waist level "[b]ased on the record as a whole." Defendant's Response at 3-4, Dkt. 22. However, both the Commissioner and the ALJ fail to identify what evidence in the record, medical or otherwise, supported the "below waist level" limitation. *See Cossey v. Berryhill*, No. 17 CV 50133, 2018 U.S. Dist. LEXIS 156511, at *6-7 (N.D. Ill. Sep. 13, 2018) (remanding where there were "unresolved questions" as to the height needed for the plaintiff to elevate his leg).

The Commissioner also faults Plaintiff for failing to provide evidence that she needed to elevate her leg above waist level. This too is unavailing. The evidence in the record supports Plaintiff's complaints of leg pain and swelling. Based on this evidence, the ALJ found that Plaintiff's chronic venous insufficiency in her left leg was a severe impairment and determined that leg elevation was required. The Court agrees that the medical opinions should have been more specific about the height that Plaintiff needed to elevate her legs. But the lack of a more specific restriction does not allow the ALJ to determine the necessary height of elevation himself. *See Barr v. Colvin*, No. 14 C 0725, 2015 U.S. Dist. LEXIS 146528, at *8

(N.D. Ill. Oct. 28, 2015) (remanding where "the ALJ discounted the consulting physician's opinion and then made her own RFC determination without citing to substantial record evidence to support that determination"); *McKinnie v. Astrue*, No. 09 C 0614, 2010 U.S. Dist. LEXIS 29055, at *29 (N.D. Ill. Mar. 26, 2010) (criticizing the ALJ, in part, for "impermissibly [making] her own conclusion regarding the height [the plaintiff] needs to elevate his legs."). As Plaintiff points out, this was a critical decision because the VE testified that Plaintiff's need to elevate her leg above waist height would preclude the sedentary jobs identified.

The Commissioner further argues that the ALJ did not need to call a medical expert because he could rely on non-medical evidence to support the RFC finding. Defendant's Response at 5, Dkt. 22. Although an ALJ may consider non-medical evidence when making a disability determination, the Commissioner fails to identify what non-medical evidence the ALJ relied on. *See* SSR 96-8p, 1996 SSR LEXIS 5, at *19 ("RFC assessment must include a narrative discussion describing how the evidence supports each conclusion, citing specific medical facts (e.g., laboratory findings) and nonmedical evidence (e.g., daily activities, observations)."). Of the non-medical evidence this Court reviewed was Plaintiff's hearing testimony where she testified that she elevated her leg against a wall to relieve swelling. R. 52, 54. However, the ALJ failed to address this testimony or explain why it was not credible. *See Moore v. Colvin*, 743 F.3d 1118, 1123 (7th Cir. 2014) ("The ALJ must confront the evidence that does not support her conclusion and explain why that evidence was rejected.").

Without any explanation or support in the record, the ALJ determined that Plaintiff was required to elevate her leg only below waist level to work a sedentary job. Accordingly, the Court cannot find that substantial evidence supports the ALJ's RFC. *See Tina T. v. Berryhill*, No. 17 C 50282, 2019 U.S. Dist. LEXIS 13785, at *6 (N.D. Ill. Jan. 29, 2019) (remanding where "none of the medical evidence or testimony suggests that Plaintiff needed to elevate her legs only as high as a footstool"). On remand, the ALJ should build an accurate and logical bridge from the evidence in the record to his conclusion that Plaintiff needed to elevate her leg only below waist level. *See Tina T.*, No. 17 C 50282, 2019 U.S. Dist. LEXIS 13785, at *6 ("[T]his may include contacting the treating physician to obtain a more detailed explanation about the proffered limitations).

In addition to supporting the leg elevation limitation, the ALJ should also ensure that the RFC and the hypothetical to the VE adequately account for Plaintiff's moderate limitations in concentration, persistence and pace. Here, the ALJ found Plaintiff had moderate limitations because of Plaintiff's "mental concerns, medications side effects (mainly drowsiness), and physical pain." R. 34. The ALJ's RFC and hypothetical to the VE limited Plaintiff to simple and routine tasks where she could make simple work-related decisions and deal with routine changes in the workplace. R. 31, 90-91. Plaintiff was further limited to frequently responding to co-workers, supervisors and the public. R. 31, 90-91. However, the ALJ did not explain how the RFC findings adequately accommodated Plaintiff's mental limitations. *See Moore v. Colvin*, 743 F.3d 1118, 1127-28 (7th Cir. 2014)

("The ALJ never related those specific limitations to certain impairments. It is possible to postulate which were related to migraines as opposed to the other severe or non-severe impairments such as obesity, asthma and rheumatoid arthritis, but the reviewing court should not have to speculate as to the basis for the RFC limitations.").

The ALJ afforded little weight to the state agency consulting psychologists' mental RFC limitations so it is unclear exactly what limitations the ALJ was attempting to accommodate with the RFC. Even if the ALJ modeled these limitations off the consulting psychologists' opinions, it would further support a remand because the consulting psychologists included additional limitations that were not included in the ALJ's RFC and hypothetical to the VE. *See* R. 106, 122-23 (limiting Plaintiff to 1-3 step tasks with restrictions on demanding work expectations, changing locales and staff frequently, brief superficial contact with coworkers, avoiding contact with the public and limitations in maintaining regular attendance). Without more, it is unclear whether the RFC and hypothetical to the VE accounted for Plaintiff's limited concentration, persistence and pace resulting from her "mental concerns," drowsiness and pain. *See Winsted v. Berryhill*, 915 F.3d 466 (7th Cir. 2019) ("[E]mploying terms like simple, repetitive tasks on their own will not necessarily exclude from the VE's consideration those positions that present significant problems of concentration, persistence and pace.") (internal quotation marks omitted); *Moreno v. Berryhill*, 882 F.3d 722, 730 (7th Cir. 2018) (limiting an individual to understanding, remembering, and carrying out simple

work instructions, exercising simple work place judgments, doing routine work, and experiencing no more than occasional changes in the work setting did not accommodate the claimant's moderate limitations in concentration, persistence, and pace).

## IV. CONCLUSION

For the reasons stated in this opinion, Plaintiff's motion for summary judgment [16] is granted, and the Commissioner's motion [22] is denied. The decision of the ALJ is remanded for further proceedings consistent with this opinion.

Date: April 12, 2019

By: _____
Iain D. Johnston
United States Magistrate Judge